UNITED STATES DISTRICT COURT (Effective 3/1/02)
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
Kirt Christopher, Troy Christopher : 09 Civ. 339 (AKH)
and Roger Graham

              Plaintiff(s),

                                             **CIVIL CASE MANAGEMENT PLAN**

          -against-

P.O. Michael Dazi, shield No. 30464 PSA
8; Sgt. John Doe, Supervising Officer,
PSA 8; NYPD; NYC, et al.

              Defendant(s).
-----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/10/09

       After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

    A.    The case **(is)** (is not) to be tried to a jury. [Circle as appropriate].

    B.    Non-Expert Discovery:

          1.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by **12-31-09**, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

              a.    The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

          2.    Joinder of additional parties must be accomplished by **9/1/09**.

          3.    Amended pleadings may be filed without leave of the Court until **9/1/09**.

C. For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

D. Motions, Settlement, Second Pre-Trial Conference, and Expert Discovery:

1. Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule, and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs. The last day for filing dispositive motions shall be __1/29/10__. (Counsel shall insert a date 30 days after the completion date for non-expert discovery.)

   a. There shall be no cross-motions. Any motions not made by the agreed date shall, unless the court orders otherwise, not be considered until after the timely-filed motion is determined.

   b. Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Rules.

2. Either before or after the motion schedule set out above, counsel for the parties shall meet for at least two hours at the office of plaintiff's counsel, to discuss settlement. The date for the meeting is __1/4/10__, at __3:00__ p.m. (Counsel shall insert a date but, at the option of either, the date may be canceled upon the service or filing of a dispositive motion and notice to the court.)

3. Approximately one week thereafter, the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the status and prospects of settlement and whether alternative disputes-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, a discovery bar date, and any other issue counsel or the Court wish to discuss. The Case Management Conference will be held on __Feb. 19, 2010__ at __10__ a.m. (The Court will set this date at the Initial Case Management Conference.)

E. Any request for relief from any date provided in this Case Management Plan shall conform to the Court's Individual Rules, and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected

by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F. A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits the parties actually intend to offer at the trial.

G. Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

SO ORDERED.

DATED: New York, New York

July 10, 2009

ALVIN K. HELLERSTEIN
United States District Judge

G:\AKH\Forms\CivilCaseMgmtPlan

## ATTACHMENT A

The Parties are to list the discovery activities (<u>i.e.</u>, production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| 1. Document exchange | 9-30-09 |
| 2. Depositions | 11-30-09 |
| 3. Request to admit & follow-up | 12-31-09 |
| 4. | |
| 5. | |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |

## ATTACHMENT B

For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:

1. **PLAINTIFF'S CLAIMS:** Kirt Christopher was falsely arrested and incarcerak for 2 days ($10,000); Strip-searched ($25000); deprived of $8200 ($8200); Maliciously prosecuted ($25000).

    Troy Christopher was falsely arrest and incarcerated for 6 days ($30000); Strip searched ($25000); maliciously prosecuted ($25000).

    Roger Graham was falsely arrested and incarcerated for 6 days ($30000); Strip searched ($25000); maliciously prosecuted ($25000).

2. **COUNTERCLAIMS AND CROSS-CLAIMS:**

3. **THIRD-PARTY CLAIMS:**